LEDERER, Collector of Internal Revenue, v. NORTHERN TRUST CO. et al.*

(Circuit Court of Appeals, Third Circuit. January 7, 1920.)

No. 2496.

1. COURTS ⬤⟿366(6)—DECISIONS OF STATE COURTS CONSTRUING INHERITANCE TAX LAWS BINDING ON FEDERAL COURT.

Decisions of state courts, construing inheritance tax laws of state, are binding on the federal courts.

2. INTERNAL REVENUE ⬤⟿25—DEDUCTION OF STATE COLLATERAL INHERITANCE TAX FOR ASSESSMENT OF FEDERAL ESTATE TAX.

In view of the history of the Legislature, collateral inheritance taxes imposed by the state of Pennsylvania under Collateral Inheritance Tax Act 1887, §§ 1, 5, 9, 15, is a tax on the estate as distinguished from a tax on the inheritance, and the amount of taxes paid thereunder may be deducted as a charge against the estate of a decedent allowed by the laws of the jurisdiction in computing the net estate under Act Cong. Sept. 8, 1916, §§ 201–203 (Comp. St. §§ 6336½b–6336½d) imposing a federal tax on the transfer of the net estate of decedent.

In Error to the District of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by the Northern Trust Company and Henry R. Zesinger, executors under the will of Lewis W. Klahr, deceased, against Ephraim Lederer, Collector of Internal Revenue. There was a judgment for plaintiffs (257 Fed. 812), and defendant brings error. Affirmed.

The Collector of Internal Revenue assessed the decedent's estate with a tax under the provisions of Sections 201, 202 and 203 of the Act of Congress of September 8, 1916, entitled "An Act to increase the revenue and for other purposes." 39 Stat. 777, Comp. St. 1918, §§ 6336½b, 6336½c, 6336½d. The executors claimed that in ascertaining the value of the decedent's "net estate" as a basis of assessment, in the way provided by Section 203 of the act, there should have been deducted from the gross estate the collateral inheritance tax of $39,450.92, due and subsequently paid the Commonwealth of Pennsylvania under the Act of Assembly of May 6, 1887 (P. L. 79). This deduction, had it been allowed, would have reduced the net estate of the decedent in the amount of the state tax, and, correspondingly, would have reduced the assessment of the Federal tax in the sum of $2,331.56. The Collector of Internal Revenue refused to allow the deduction. On appeal, the Commissioner of Internal Revenue approved the Collector's assessment. The executors paid the tax under protest and brought this suit to recover it. By stipulation, the issue was tried before the District Judge, who, on an opinion reported at 257 Fed. 812, entered judgment for the executors of the estate for the latter sum and interest. This writ, prosecuted by the Collector, brings the judgment here for review.

The applicable provisions of the cited statutes are as follows:

The Act of Congress of September 8, 1916, provides, inter alia:

*Title II. Estate Tax.*

"Section 201. That a tax (hereinafter * * * referred to as the tax), equal to the following percentages of the value of the net estate to be determined as provided in section two hundred three, is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act."

· "Section 203. *Net Value of Estate, How Determined.*—For the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 252 U. S. ——, 40 Sup. Ct. 483, 64 L. Ed. ——.

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, * * * and such other charges against the estate, as are allowed by the laws of the jurisdiction, * * * under which the estate is being administered."

The Collateral Inheritance Tax of the General Assembly of Pennsylvania of May 6, 1887, provides, inter alia:

"Section 1. * * * That all estates, * * * passing from any person, who may die seized or possessed of such estates," to collaterals "shall be * * * subject to a tax of five dollars on every hundred dollars of the clear value of such estate or estates, * * * to be paid to the use of the commonwealth. * * * All owners of such estates, and all executors and administrators and their sureties, shall only be discharged from liability for the amount of such taxes * * * by having paid the same over for the use aforesaid."

Section 5 provides that before the executor or administrator shall pay any legacy or share in the distribution of an estate subject to the collateral inheritance tax, he shall deduct therefrom the tax at the rate prescribed in Section 1 and pay it to the Commonwealth.

Section 9 provides that the Register shall issue duplicate receipts for the tax when paid by an executor or administrator, which, when countersigned by the Auditor General, shall be "a proper voucher in the settlement of the estate."

Section 15 authorizes the Orphans' Court, on discovery by the Register that the tax has not been paid, to cite the executor or administrator to appear and show cause why the tax should not be paid.

Francis Fisher Kane, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa. (R. D. Thurber, of New York City, of counsel), for plaintiff in error.

William Henry Snyder and William M. Stewart, Jr., both of Philadelphia, Pa., for defendants in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge (after stating the case as above). The question is: Whether the collateral inheritance tax imposed by the Pennsylvania Act of 1887 falls within the deductions allowed by section 203 of the Federal estate tax Act of 1916 in arriving at the value of the "net estate" on which alone the Federal act imposes the tax. In other words: Is the amount which the decedent's estate paid the Commonwealth of Pennsylvania as a collateral inheritance tax either (a) "an administration expense," or (b) "a claim against the estate," or (c) one of "such other charges against the estate, as are allowed by the laws of the jurisdiction * * * under which the estate is being administered?"

This controversy concerns broadly the privileges which governments make the subject of "death duties"—the privilege of giving and the privilege of receiving property on death, and the conditions imposed and price exacted by the State for the exercise of those privileges. Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 287, 18 Sup. Ct. 594, 42 L. Ed. 1037; Maxwell v. Bugbee, 250 U. S. 525, 40 Sup. Ct. 2, 64 L. Ed. ——.

The question here turns on the nature of the two taxes, Federal and State. It concerns generally the Federal tax, which both parties concede to be an estate tax, that is, a tax that relates not to an interest

to which some person has succeeded by inheritance, bequest, or devise, but to an interest which has ceased by reason of death; and it is imposed not upon the interest of the recent owner or upon his privilege to dispose of it, but upon the transfer of the interest in its devolution. The nature of the Federal tax being conceded, the matter for decision concerns particularly the nature of the collateral inheritance tax of Pennsylvania, and raises the question, whether that tax is an estate tax, which, like the Federal tax, concerns an interest which has ceased upon death, the burden of which is imposed upon the estate of a decedent, as claimed by the executors, or is a legacy or succession tax, which concerns the privilege of receiving such an interest, the burden of which is imposed upon the legatee or other beneficiary, as claimed by the Collector.

The bearing of this question on the case in hand is, that if the collateral inheritance tax of Pennsylvania is an estate tax and is therefore a "charge" against the estate "allowed" in its settlement by the laws of Pennsylvania, then the refusal of the Collector to deduct the amount of the tax from the gross in ascertaining the net estate of the decedent as a basis of assessment was unwarranted. If, on the other hand, it is a tax charged not against the estate, but against the legatee as a condition imposed upon the transfer of the legacy, then the net estate of the decedent, determined without deducting the collateral inheritance tax paid the Commonwealth of Pennsylvania, was properly computed under the Federal act and the tax assessed against the same was lawful.

The nature of collateral inheritance taxes has been the subject of many decisions, both Federal and State. The general principle of such of them as are termed legacy and succession taxes, when not otherwise affected by statutory provisions, is that the tax is upon the legacy before it reaches the hands of the legatee, whose property it becomes only after it has yielded its contribution to the State and after it has suffered a diminution to the amount of the tax in return for the Legislature's assent to the bequest. Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969, following United States v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, 41 L. Ed. 287; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; Mager v. Grima, 8 How. 490, 493, 12 L. Ed. 1168.

But in looking for the nature of the collateral inheritance tax under consideration, it is not necessary to seek light from statutes and decisions of other states, for the act shows its nature by its own clear expressions aided by interpretations repeatedly made by the Supreme Court of Pennsylvania.

The act provides that "all estates * * * shall be subject" to the tax; that executors and administrators shall pay the tax; that until they pay it they shall not be discharged; that the Auditor General's receipt for its payment shall be a proper voucher in the settlement of the estate; and that in stating an account in the Orphans' Court the tax shall be allowed and deducted before a balance for distribution is struck.

The tax, which operates practically as a deduction from the share of the beneficiary, is, nevertheless, charged against and paid by the estate. In using the words "all estates" shall be subject to the tax, the Supreme Court of Pennsylvania has held that the Legislature contemplated the property of the decedent, not the interest therein of the legatee or distributee, Del Buto's Estate, 45 Leg. Int. 474; Howell's Estate, 147 Pa. 164, 23 Atl. 403; that the tax is imposed only once, and that is before the legacy has reached the legatee and before it has become his property; that it must be retained and paid by the executor or administrator who has the decedent's property in charge; that which the legatee really receives is not taxed at all; his property is that which is left after the tax has been taken off, Finnen's Estate, 196 Pa. 72, 46 Atl. 269. In Jackson v. Myers, 257 Pa. 104, 101 Atl. 341, L. R. A. 1917F, 821, where the question was squarely raised, the Supreme Court decided that the collateral inheritance tax of Pennsylvania is not levied upon an inheritance or legacy but upon the estate of the decedent, holding that what passes to the legatee is simply the portion of the estate remaining after the State has been satisfied by receiving the tax.

[1] These decisions by the Supreme Court of Pennsylvania, construing a statute of its own state, are binding on this court in a case of this kind. From these decisions it appears to be settled in Pennsylvania that the collateral inheritance tax of that state is an estate tax, not a legacy tax, and that as such it is levied upon and made a charge against the estate of the decedent.

Consistently with this view, the Supreme Court of Pennsylvania recently held, in a situation just the reverse of this, that in determining the amount of a decedent's estate for the purpose of assessing the Pennsylvania collateral inheritance tax, the Federal estate tax under consideration should first be deducted as a charge against the estate. Knight's Estate, 261 Pa. 537, 104 Atl. 765.

[2] We are of opinion that the collateral inheritance tax of Pennsylvania clearly falls within the provision of the Federal act as a "charge" against the estate of a decedent "allowed by the laws of the jurisdiction * * * under which the estate is being settled," and is, therefore, properly deductible from the gross estate in determining the net estate against which the Federal tax is assessed. There is, therefore, no occasion to go further and decide the other questions raised at the argument, whether the State collateral inheritance tax is also an "administration expense," or a "claim against the estate," similarly deductible under Section 203 of the Federal act in ascertaining the decedent's net estate as a basis of taxation. A consideration of these aspects of the tax would require us to reconcile at least two opposing decisions rendered under state statutes with different provisions, Corbin v. Townshend, 92 Conn. 501, 103 Atl. 647; In re Sherman's Estate, 179 App. Div. 497, 166 N. Y. Supp. 19; and to determine whether the terms "administration expenses" and "claims against the estate," as found in the statute, are restricted to or expanded beyond their ordinary meaning.

As this case arose before the Act of February 24, 1919 (40 Stat. 1057, c. 18) by which the terms of the Act of September 8, 1916, were materially changed, this decision has no bearing on the later statute.

The judgment below is affirmed.