(No. 13211.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
ANNA M. BALLANS, Admx. Appellee.

*Opinion filed October 23, 1920.*

1. INHERITANCE TAX—*an administrator's fee is a proper deduction.* An administrator's fee as an expense of administration is · a proper deduction before computing an inheritance tax, and when the county judge, although he has not fixed the fee in the settlement of the estate, has exercised his judgment in the tax proceeding and determined what is the proper compensation to be allowed for the services of an administratrix, the ·Supreme Court will not change the amount unless it is against the manifest weight of the evidence.

2. SAME—*when real and personal property tax should be deducted.* The 1918 real and personal property taxes of one who died April 2 of that year should be deducted before computing an inheritance tax, as the real property tax becomes a lien on the land before it is taken by the heirs, and the personal property tax must be paid by the administratrix before distribution to the next of kin.

3. SAME—*a transfer tax due another State should not be deducted.* Where an ancestor dies leaving his daughter as his only heir, who is administratrix of his estate, a transfer tax which she is compelled to pay to another State as next of kin of the decedent and not as administratrix should not be deducted before computing the inheritance tax in Illinois, as the transfer tax is not on the property of the estate but on the right to succeed to such property by the next of kin or heir.

4. SAME—*when appellee may question tax rate by cross-errors.* ·Where the Attorney General has appealed because of alleged improper deductions before computing an inheritance tax, the appellee, who is the sole heir, may, by assigning cross-errors, question the tax rate, as the one ultimate question in the case is the amount of the tax to be paid by her. (*People* v. *Schaefer,* 266 Ill. 334, distinguished.)

5. SAME—*rate is two per cent of entire amount received if in excess of $100,000.* The provision of the Inheritance Tax act that "the rate of tax shall be two dollars on every one hundred dollars of the clear market value of such property received by each per-· son, when the amount so received exceeds in amount the sum of one hundred thousand dollars," means that the rate shall be two per cent of the entire amount received and not two per cent of the excess, only.

6. TAXES—*a liability for personal property taxes is personal.* There is a personal liability for personal property taxes independently of the tax lien, and an action may be brought against the taxpayer whether or not there is a lien in existence.

7. SAME—*administrator is personally liable for decedent's personal property tax.* The administrator is regarded by statute, in matters of taxation, as the legal owner and possessor of the personal property after appointment and until the property is distributed, and he is therefore made personally responsible for the decedent's personal property tax.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E. BRITTON, and HENRY C. WARNER, for the People.

HORACE R. BROWN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

April 2, 1918, David Ballans died intestate, leaving no widow surviving him and leaving as his sole heir-at-law his daughter, Anna M. Ballans. Letters of administration were issued by the county court of Bureau county, Illinois, to Anna M. Ballans as administratrix and her bond was fixed at $50,000. An appraiser was appointed to appraise the property of the estate for the purpose of fixing the amount of the inheritance tax. He fixed the value of the real estate at $64,308.03 and the value of the personal property at $72,173.61. After deducting the $20,000 exemption and other items amounting to $8406.43 the appraiser determined the amount of estate liable to taxation was $108,161.97. He fixed the amount of the tax by assessing the first $100,000 at one per cent and the excess over $100,000 at two per cent, making the total tax $1163.24. On appeal the county court found the net taxable value of all the property be-

longing to said estate to be $128,168.67. After deducting the $20,000 exemption allowed the daughter of deceased the county court assessed a tax of two per cent on the whole amount remaining, making the total tax $2163.37. Among the items deducted were $15.12 paid the State of Wisconsin as a transfer tax on some railroad bonds; $1243.30, being the 1918 taxes on real estate and personal property belonging to said estate, and $2700 as the commission of the administratrix. The Attorney General prayed and perfected an appeal to this court, claiming that the court erred in allowing the above deductions.

It is contended by the Attorney General that in a case of this kind, where the only purpose of allowing an administratrix's fee is to reduce the inheritance tax, no more fee should be allowed than the minimum which the evidence in support of the fee shows to be reasonable for such services. He contends that the evidence in this case does not show any services rendered by the administratrix, and, therefore, that the court erred in allowing $2700 to be deducted as administratrix's fee. The only evidence offered in support of this deduction was the evidence of Horace R. Brown, attorney for appellee. He testified that in an estate of this character four per cent would be a reasonable allowance for administratrix's fee. Section 133 of the Administration act authorizes the probate court to allow as compensation to the administratrix for her services a sum not exceeding six percentum on the amount of personal estate. The amount here allowed had not been allowed by the probate court, but we think it fair to presume that, inasmuch as the county court of Bureau county has jurisdiction in all matters of probate and the settlement of estates of deceased persons, the county judge will, when he comes to fix the administratrix's fee, fix it at $2700. The fee deducted amounts to slightly less than three and three-quarters percentum of the amount of the personal estate. The county judge, because of his familiarity with the affairs of the es-

tate and with the labor and difficulty attending its settlement, enjoys peculiar means of knowledge for determining what was the proper amount of compensation to be made to the administratrix for her services. When such judge, in view of all the circumstances, has exercised his judgment in the matter and determined what is the proper compensation to be allowed to the administratrix for her services, this court will not change the amount unless the amount fixed is against the manifest weight of the evidence. (*Askew* v. *Hudgens,* 99 Ill. 468; *Griswold* v. *Smith,* 214 id. 323.) The administratrix's fee is a proper expense of administration and is therefore a proper deduction. *People* v. *Tatge,* 267 Ill. 634.

It is also contended by the Attorney General that because the regular 1918 taxes were not fixed in amount and were not due and payable until long after the death of deceased no deduction should be made on account thereof for the purpose of determining the amount of the estate subject to inheritance tax. He contends that "for the purpose of the inheritance tax real and personal property taxes should not be deducted unless the decedent died subsequent to the time the books are delivered to the collector." Paragraph 302 of the chapter on revenue (Hurd's Stat. 1917, p. 2482,) provides that all property subject to taxation shall be listed with reference to the ownership thereof on the first day of April in each year and that the owner of such property on the first day of April shall be liable for the taxes for that year. Paragraph 347 of the same chapter provides that taxes upon real property shall be a prior and first lien on such real property from and including the first day of April in the year in which the taxes are levied. Paragraph 254 of the same chapter provides that the taxes assessed upon personal property shall be a lien upon the personal property of the person assessed from and after the time the tax books are received by the collector, and paragraph 346 provides that the county clerk shall deliver the

books to the collector on the second day of January follow-
ing the year in which such taxes are levied. In the case of
personal property tax there is a personal liability for the
taxes, and this liability is independent of the tax lien. There-
fore an action may be brought against the tax-payer for the
taxes, whether there is or is not a lien in existence. The
real property passed directly from deceased to appellee, but
it passed subject to the lien for the taxes for the year 1918.
As only the beneficial interests passing from the deceased to
the heir are subject to the inheritance tax, we think the real
estate taxes were clearly deductible. By paragraph 6 of the
chapter on revenue the administratrix was required to list
the personal property of her father's estate. Since this prop-
erty was owned by her father on the first day of April, 1918,
she was required to list the property then owned by him
as the property of the estate. Personal property does not
pass directly from the deceased to his next of kin, so all
that appellee will take is what may be coming to her from
the estate on its distribution after settlement. The admin-
istratrix is regarded by the statute in matters of taxation
as the legal owner and possessor of the property after her
appointment and until the property is distributed and is
therefore made personally responsible for the taxes. Appel-
lee was personally liable as administratrix of her father's
estate for the personal property taxes assessed against his
estate for the year 1918, and the amount paid by her for
such taxes was an expenditure of the administratrix and
never passed to her as next of kin of deceased, and there-
fore this amount was not subject to the inheritance tax.
The New York cases cited by the Attorney General are of
no assistance, because they construe a statute wholly dif-
ferent from the revenue laws of this State. The county
court properly deducted this item in arriving at the value
of the estate subject to inheritance tax.

It is further contended by the Attorney General that the
county court erred in allowing as a deduction the sum of

$15.12 on account of a transfer tax assessed by the State of Wisconsin. This transfer tax imposed by the laws of Wisconsin is a tax not on the property of the estate but on the right to succeed to such property by the next of kin or heir-at-law of the deceased. It is a tax which the person who inherits is liable to pay and is not a debt or charge against the decedent or the estate. Neither the decedent nor his estate owed the State of Wisconsin anything, and the payment by the administratrix of the tax due that State by herself as next of kin of decedent was the payment of a debt or charge against her as an individual, the same as the payment of the inheritance tax of this State. The county court erred in making this deduction. *In re Gihon's Estate,* 169 N. Y. 443, 62 N. E. 561; *People* v. *Palmer's Estate,* (Colo.) 139 Pac. 554.

Anna M. Ballans also prayed an appeal from the order of the county court fixing said tax at the sum of $2163.37, for the reason that the court fixed the tax at the rate of two dollars for each $100 of the whole value of said estate subject to taxation, instead of one dollar for each $100 of the value of such property on the first $100,000 and two dollars on each $100 of the value in excess of $100,000. She did not perfect her appeal but seeks to have the question reviewed by cross-errors.

This case differs from *People* v. *Schaefer,* 266 Ill. 334. The question in this case is properly presented by cross-errors because there is but one ultimate question in the case,—the amount of inheritance tax to be paid by Anna M. Ballans. There being but one item of tax involved here, the holding in *People* v. *Vogt,* 262 Ill. 170, is not applicable to the facts presented in the record before us.

The county court correctly fixed the tax at two per cent. The statute provides in plain language that "the rate of tax shall be two dollars on every one hundred dollars of the clear market value of such property received by each person, when the amount so received exceeds in amount the

sum of one hundred thousand dollars." (Hurd's Stat. 1917, p. 2500.)

The judgment of the county court will be reversed and the cause remanded for further proceedings consistent with the views herein expressed.          *Reversed and remanded.*