**CURLEY et al. v. TAIT, Collector of Internal Revenue, et al.**

(District Court, D. Maryland. November 29, 1921.)

No. 1114.

**Internal revenue ⊂⟶8—State inheritance tax deductible before computing federal estate tax.**

The Maryland collateral inheritance tax attaches to an estate before distribution, and the remainder of the estate only is subject to federal estate tax, under Act Sept. 8, 1916, §§ 200–212 (Comp. St. §§ 6336½a–6336½m).

At Law. Action by John J. Curley and others, executors of the will of Helen M. Grafflin, deceased, against Galen L. Tait, Collector of Internal Revenue, and others. On demurrer to declaration. Overruled.

See, also, 276 Fed. 840.

J. Wallace Bryan, Charles McH. Howard, and Joseph C. France, all of Baltimore, Md., for plaintiffs.

Robert R. Carman, U. S. Atty., of Baltimore, Md., for defendants.

ROSE, District Judge. There is but one question in this case, and that is: Does the Maryland collateral inheritance tax attach to an estate before distribution? If so, the plaintiffs, as executors, are entitled to recover $3,343.07, which is the amount of estate tax the defendant exacted from them in excess of what they should have paid, had the Maryland collateral inheritance tax of $58,759.44 been deducted before ascertaining the amount of the estate liable to the federal levy. Lederer v. Northern Trust Co. (C. C. A.) 262 Fed. 52; Id., 253 U. S. 487, 40 Sup. Ct. 483, 64 L. Ed. 1026. On the other hand, if the Maryland tax is upon the individual beneficiaries of the testatrix's bounty, the sum here in controversy was properly collected. New York Trust Co. v. Eisner, 256 U. S. —, 41 Sup. Ct. 506, 65 L. Ed. —— (Supreme Court, May 16, 1921).

It is unfortunate that under the act now being construed the amount of the estate tax depended upon a distinction which may be more logical than practical, as it certainly is, when the whole property of a decedent passes to collaterals, for in that event the tax is in fact borne by them, no matter what the theory may be. The language employed by the various states in imposing inheritance taxes is, as a rule, quite similar. Before the highest court of any of them has spoken, it is usually possible to argue either that the tax attaches before distribution or after. Some state tribunals have held one way; some, the other; and some have had no occasion to pass upon the question at all. It is not now and here either necessary or expedient to marshal the considerations which tend to one conclusion or the other. The Circuit Court of Appeals for the Third Circuit has held that the Supreme Court of Pennsylvania has interpreted the statute of that state as imposing the tax upon the estate before distribution. This holding the Supreme

⊂⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Court of the United States declined to review. Lederer v. Northern Trust Company, supra.

Apparently, Pennsylvania was the first state in the country to levy an inheritance tax, as it did in 1826. P. L. Pa. 227. In 1844 Maryland, in common with a number of other states, was hard put to it to pay the interest on a heavy debt, that of Maryland amounting to twelve millions of dollars, incurred for internal improvements during the flush times of the middle 30's. Looking about for new sources of revenue, the attention of the state was drawn to the tax upon collateral inheritance, which for 18 years had been successfully collected by its next-door neighbor. The General Assembly of Maryland thereupon copied and enacted the Pennsylvania statute, making such changes in the verbiage, and apparently only such as were necessary to adapt it to the difference between the probate machinery of the two commonwealths. Laws Md. 1844-45, c. 237.

In the case at bar, each side has argued that the Court of Appeals of this state has interpreted the act in the sense for which it contends, and each quotes language which, if standing alone, might sustain its position. That each is able to do so is perhaps the best proof that the attention of that high court never has been drawn to the precise point now at issue, in such sense, at least, as to call for its definite determination. Under such circumstances, it will be well to assume that the English language means the same thing on one side of Mason and Dixon's line as it has been held to do on the other.

It follows that, as the instant case is ruled by Lederer v. Northern Trust Co., supra, defendant's demurrer to plaintiff's declaration must be overruled.