## MILES v. CURLEY et al.

(Circuit Court of Appeals, Fourth Circuit. July 3, 1923.)

No. 2062.

Internal revenue ⬤⟿8—State inheritance tax deductible before computing federal estate tax.

    The Maryland collateral inheritance tax attaches to an estate before distribution, and the remainder of the estate only is subject to federal estate tax under Act Sept. 8, 1916, as amended by Act March 3, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 6336½a–6336½m).

In Error to the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Action at law by John J. Curley and others, executors of the will of Helen M. H. Grafflin, against Galen L. Tait, Collector of Internal Revenue, and others; Joshua W. Miles, former collector, substituted defendant. Judgment for plaintiffs, and defendant brings error. Affirmed.

For opinion below, see 276 Fed. 845.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., and H. M. Darling, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C., on the brief), for plaintiff in error.

J. Wallace Bryan, of Baltimore, Md. (Charles McHenry Howard and Joseph C. France, both of Baltimore, Md., on the brief), for defendants in error.

Before WOODS and WADDILL, Circuit Judges, and McCLINTIC, District Judge.

McCLINTIC, District Judge. The defendants in error (hereinafter called the plaintiffs) brought an action at law in the District Court of Maryland to recover a certain sum of money paid to the collector of internal revenue for the district of Maryland and Delaware, being the amount of certain federal estate taxes assessed by the collector on the estate of Helen M. H. Grafflin, who died a resident of Maryland, which sum was claimed by the plaintiffs to be in excess of the amount lawfully chargeable thereon. Such sum of money had been paid under protest, and all proper steps had been taken to bring such action for the recovery thereof.

The taxes were assessed and collected by such collector (hereafter called the defendant) under the provisions of the act of Congress approved September 8, 1916, as amended by the act approved March 3, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 6336½a–6336½m).

The executors claimed a deduction from the total taxable estate of $48,759.44 paid to the state of Maryland as an estate tax. The collector claimed that the deduction was not proper because the tax under the laws of Maryland was a legacy tax.

The defendant interposed a demurrer to the declaration which was overruled.

By stipulation, it was agreed that there was no dispute as to the facts alleged in the declaration, and the court being of opinion that the law was with the plaintiffs, a final judgment was entered therein on the 26th day of April, 1922, for the plaintiffs, and against the defendant, for the sum of $3,710.25, and $26.05 costs.

There is but one question in this case, and that is: Does the Maryland collateral inheritance tax attach to an estate before distribution? If so, the plaintiffs are entitled to recover the amount above named. Lederer v. Northern Trust Co. (C. C. A.) 262 Fed. 52; Id., 253 U. S. 487, 40 Sup. Ct. 483, 64 L. Ed. 1026.

If, on the other hand, the Maryland tax is a legacy tax, and not an estate tax, the sum in controversy was properly collected. New York Trust Co. v. Eisner, 256 U. S. 345, 41 Sup. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660.

The decision by the highest court of Maryland, directly deciding this question, and construing the statute imposing such collateral inheritance tax, would be binding upon this court. Is there any such decision?

In discussing this question, the learned district judge, in his opinion overruling the demurrer to the declaration herein, says:

"In the case at bar, each side has argued that the Court of Appeals of this state has interpreted the act in the sense for which it contends, and each quotes language which, if standing alone, might sustain its position. That each is able to do so is perhaps the best proof that the attention of that high court never had been drawn to the precise point now at issue, in such sense, at least, as to call for its definite determination."

We have examined the cases decided by the Court of Appeals of Maryland, and referred to in the briefs of counsel, and have reached the conclusion that no decision upon this point has been really made.

The Pennsylvania statute upon the subject of collateral inheritance tax is believed to be the first that was passed by any state in America. This statute was enacted in 1826.

In 1884, the Legislature of the state of Maryland, in substance and effect, adopted the Pennsylania statute.

In the case of Jackson v. Myers, 257 Pa. 104, 101 Atl. 341, L. R. A. 1917F, 821, the Supreme Court of Pennsylvania decided that the collateral inheritance tax of Pennsylvania is not levied upon the inheritance or legacy, but upon the estate of the decedent, holding that what passes to the legatee is simply the portion of the estate remaining, after the state has been satisfied by receiving the tax.

An examination of other cases in that state shows that this case only follows the previous holdings on this subject.

The question presented herein, for decision, was directly presented to the Circuit Court of Appeals of the Third Circuit, in the case of Lederer v. Northern Trust Co., supra, and that case held that under the Pennsylvania statute, and the decisions of the court of last resort in the state of Pennsylvania, such tax was an estate tax, and not a legacy tax, and that the plaintiff therein should recover from the collector the amount so paid under protest.

Upon the authority of that case, and under all the circumstances and conditions surrounding this case, we hold that the proper construction of the collateral inheritance statute of Maryland makes such tax an estate tax, and not a legacy tax, and therefore the judgment below is affirmed.