GOOD SAMARITAN HOSPITAL et al. *vs.* HAMMOND J. DUGAN et al, Executors.

*Collateral Inheritance Tax—Nature.*

The collateral inheritance tax imposed by Code, art. 81, secs. 120-144, is a tax upon the right of the beneficiary to receive the inheritance or legacy, and is not an estate tax upon the right of decedent to transmit it, and consequently the whole of a charitable legacy, and not the legacy less the inheritance tax thereon, should be deducted in calculating the estate subject to the federal estate tax.

*Decided July 22nd, 1924.*

Appeal from the Circuit Court of Baltimore City (STEIN, J.).

Bill by the Good Samaritan Hospital, Incorporated, and others, against Hammond J. Dugan and another, executors and trustees under the will of Thomas O'Neill, deceased. From a decree for defendants, plaintiffs appeal. Reversed.

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and BOND, JJ.

*Arthur W. Machen* and *Harry N. Baetjer,* for the appellants.

*Ferdinand C. Dugan,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

Thomas O'Neill, a well known merchant of Baltimore City, died on the sixth day of April, 1919, after having first executed his last will and testament, by which he devised and bequeathed his large estate, consisting of real estate of the appraised value of more than one million dollars and personal property valued at over five millions of dollars.

The testator by his will and codicils thereto, devised and bequeathed his entire residuary estate, after the payment of certain legacies to the appellees, as trustees, upon trust to pay out of the income certain annuities to his widow, his sisters and his brother during their respective lives. The balance of the income the trustees were directed to accumulate and reinvest until the death of the widow, when they were to set aside sufficient funds to support the remaining annuities. if any, and to transfer the balance, both principal and accumulated income, to the plaintiffs, (appellants in this Court) subject, however, as to two hundred and fifty thousand dollars ($250,000) in value of said residuary estate to the exercise by the testator's widow of a general power of testamentary appointment given to her by said will, and subject to the payment of $300,000 (reduced in ademption in

the testator's lifetime to $218,277.50) to the Associated Professors of Loyola College. The sanction of the General Assembly was duly given to said devises and bequests. After the death of the said testator, letters testamentary upon his estate were duly granted the defendants who (as executors named in the will) took upon themselves the burden of administering the same.

As executors, the appellees paid all debts, funeral expenses, the expenses of the administration, pecuniary legacies and the amount of federal estate tax conceded to be due, and distributed to themselves, as trustees, sums aggregating five million four hundred and fifty three thousand four hundred sixty-four dollars and thirty-three cents, leaving still undistributed in their hands, of the personal estate, ready for distribution, the sum of two hundred and sixty-five thousand dollars.

The residuary real and personal estate (exclusive of the two hundred and sixty-five thousand dollars undistributed in the hands of the executors) amounted to six million four hundred and sixty-two thousand and four hundred and twenty-six dollars and fifty-one cents. Of this amount, five hundred and thirty thousand two hundred ninety-four dollars and twenty-five cents were devised and bequeathed to persons or corporations other than the appellants, and the balance, five million nine hundred and thirty-two thousand one hundred and thirty- two dollars and twenty-six cents represented the amount passing to the trustees in trust for the appellants.

The executors paid the collateral inheritance tax of five per cent. upon the real estate, which amounted to fifty thousand four hundred and forty-eight dollars and eleven cents, and also the collateral inheritance tax on the full amount of the personal estate distributed to them as trustees less the amount held in trust for persons exempt from such tax, the amount paid for collateral inheritance tax on the amount passing to the trustees for the appellants being two hundred ninety-six thousand six hundred and six dollars and sixty-one cents.

The executors then made out their federal estate tax return in which they deducted the entire amount passing to the trustees in trust for the appellants, including the amount paid by them as collateral inheritance tax thereon. This was not, as contended by the federal tax authorities, in conformity with the ruling of the Commissioner of Internal Revenue, based upon the decision of the Circuit Court of Appeals in *Miles* v. *Curley,* 291 Fed. 761, construing the Maryland Statute providing for the payment of a collateral inheritance tax, holding that the entire charitable legacy should not be deducted, but only the amount of the legacy remaining after the inheritance tax has been deducted therefrom; or, in other words, by the ruling of the commissioner the amount of the inheritance tax, though charged against and paid out of the legacy passing in this case to the appellees in trust for the appellants, is subject to the federal estate tax, on the ground that it attached before distribution and never passed to the appellees in trust for the appellants.

The federal authorities holding to this view of the law, levied an additional assessment upon the amount of the inheritance tax, which had not been included in the federal estate tax returns made by the executors, and it was to prevent the appellees from paying such additional tax, which would further reduce the amount passing to the appellants, that the latter filed their bill alleging the facts we have stated and others, and asking, among other things, that the defendants, the appellees, be restrained from paying said additional federal estate tax.

Upon the hearing of the bill and answer filed thereto, admitting the facts, but denying the conclusions of law stated in the bill, the court below, following the decision in *Miles* v. *Curley, supra,* denied the plaintiffs the relief sought, and declared that "the Maryland collateral inheritance tax is really an estate tax levied in respect of the interest which came to an end at the death of the testator, Thomas O'Neill, deceased, and that the amount of said tax should not be treated as paid by the legatees or devisees out of the property or

estate bequeathed or devised to them, but should be treated as paid by and out of the estate of the testator which as aforesaid came to an end upon his death."

The sole question in this case is whether the collateral inheritance tax imposed by article 81, sections 120-144 of the Code of this State, is a tax upon the right of the beneficiary to receive the inheritance or legacy, or an estate tax on the right of the decedent to transmit the same. Should it be held that such tax is a tax on the right of the beneficiary to receive the inheritance or legacy, then it is conceded that under the federal act no federal estate tax should in this case be levied or assessed against the amount of the collateral inheritance tax upon the legacy passing to the appellees, a charitable corporation; but should it be held that such collateral inheritance tax is an estate tax on the right of the decedent to transmit the inheritance or legacy, then it is conceded that the federal estate tax should be assessed against the amount of such collateral inheritance tax. It, therefore, becomes necessary for us to decide whether such inheritance tax is a tax on the right of the beneficiary to receive it, or an estate tax on the right of the decedents to transmit the legacy. To reach a decision upon this question we must construe the statute imposing the tax.

In section 120 of said article it is said: "All estates, real, personal and mixed, money, public and private securities for money of every kind passing from any person who may die seized and possessed thereof being in this State, or any part of such estate or estates, money or securities, or interest therein, transferred by deed, will, grant, bargain, gift or sale, made or intended to take effect in possession after the death of the grantor, bargainor, devisor or donor, to any person or persons, bodies politic or corporate, in trust or otherwise, other than to or for the use of the father, mother, husband, wife, children and lineal descendants of the grantor, bargainor or testator, donor or intestate, shall be subject to a tax of five per centum in every hundred dollars of the clear value of such estate, money or securities; and all executors and administrators shall only be discharged from liability for

the amount of such tax, the payment of which they be charged with, by paying the same for the use of this State." Section 123 contains the provision that "every executor or administrator shall, within thirteen months from the date of his administration, pay said tax on distributive shares and legacies in his hands"; and section 132 provides that "the executor or administrator shall collect the same from the parties liable to pay said tax or their legal representatives," within the time mentioned above; and where the tax is upon real estate the condition is attached thereto that, if the parties liable to pay said tax, neglect or fail to pay the same within the required time, the property upon which the tax is imposed shall be sold for the payment of such tax; and in section 133 it is provided that, "whenever any estate, real, personal or mixed, of a decedent shall be subject to the tax * * * and there be a life estate or interest for a term of years, or a contingent interest, given to one party and the remainder, or reversionary interest to another party, the orphans' court * * * shall determine * * * what proportion the party entitled to said life estate, or interest for a term of years, or contingent interest, shall pay of said tax * * * and the party entitled to said life estate or interest for a term of years, or other contingent interest, shall * * * pay to the register of wills his proportion of said tax; and thereafter the said court shall from time to time after the determination of the preceding estate and as the remainder of said estate shall vest in the party or parties entitled in remainder or reversion determine * * * what proportion of the residue of said tax shall be paid by the party or parties in whom the estate shall so vest; * * * and each of the parties successively entitled in remainder or reversion shall pay his proportion of said tax to the register of wills; * * * and the proportion of the tax so determined to be paid by the party entitled to the life interest or estate shall be and remain a lien upon such interest or estate."

This statute has never been construed by this Court in respect to the question here presented, and the appellees in support of their contention rely largely upon the decision

.in *Miles* v. *Curley, supra,* and the cases therein cited. It was held in *Miles* v. *Curley* that the tax imposed by the Maryland collateral inheritance tax was an estate tax and not a legacy tax.

In that case the executor of Helen M. H. Grafflin, deceased, brought suit in the District Court of Maryland to recover a certain sum of money paid by them, under protest, to the collector, Joshua W. Miles, which sum was claimed by the executors to be in excess of the amount lawfully chargeable as a federal estate tax against the decedent's estate. The contention of the executors was sustained by the decision of Judge Rose, sitting in the District Court, and on appeal the judgment entered by him was affirmed by the Circuit Court of Appeals.

The latter court in its opinion said: "Does the Maryland collateral inheritance tax attach to an estate before distribution ? If so, the plaintiffs are entitled to recover" the amount sued for. *Lederer* v. *Northern Trust Co.* (C. C. A.), 262 Fed. 52.

If on the other hand, the Maryland tax is a legacy tax, and not an estate tax, the sum in controversy was properly collected. *New York Trust Co.* v. *Eisner,* 256 U. S. 345."

The court then stated that if there was a decision of this Court "directly deciding this question, and construing the statute imposing a collateral inheritance tax," such decision would be binding upon it; but after an examination of the cases it had found no decision of this Court directly deciding the question there presented.

It was then that the court referred to the Pennsylvania statute, saying that it had been adopted in substance and effect by the Legislature of this State in the passage of the law then under consideration; and then cited the case of *Jackson* v. *Myers,* 257 Pa. 104, in which the Supreme Court of Pennsylvania, in construing their own statute, decided that the collateral inheritance tax of Pennsylvania is not levied upon the inheritance or legacy, but upon the estate of the decedent, holding that what passes to the legatee is simply the portion

of the estate remaining, after the State has been satisfied
by receiving the tax." Reference was likewise made to
*Lederer* v. *Northern Trust Co.,* which followed the decisions
of the Supreme Court of Pennsylvania holding that the tax
imposed by the statute in that State was an estate tax and not
a legacy tax. In that case the court took occasion to say,
"these decisions by the Supreme Court of Pennsylvania, con-
struing a statute of its own state, are binding on this court
in a case of this kind," and from these "it appears to be
settled in Pennsylvania that the collateral inheritance tax of
that state is an estate tax, not a legacy tax, and that as such
it is levied upon and made a charge against the estate of the
decedent."

The Court, in *Miles* v. *Curley,* after its reference to
*Lederer* v. *Northern Trust Co., supra,* concluded its opinion
by saying, "Upon the authority of that case, and under all
the circumstances and conditions surrounding this case, we
hold that the proper construction of the collateral inheritance
tax of Maryland makes such tax an estate tax, and not a
legacy tax."

The fact that the federal court was bound to follow the
Pennsylvania state court, as stated by it, and did follow that
court in its construction of the statute of that state, robbed its
decisions of the weight to which they ordinarily would be
entitled; although in *Lederer* v. *Northern Trust Co., supra,*
the Court seems to have adopted the reasoning of the state
court, nevertheless it states in its opinion that it was bound
to follow the decision of that court. Consequently it would
have affirmed the decision of the state court, in its construc-
tion of the statute, even though it had not agreed with it.
In the other case, *Miles* v. *Curley, supra,* the Court, it seems,
rested its opinion upon the construction of the Pennsylvania
statute by the Supreme Court of that state, without express-
ing its opinion as to the correctness of such construction.

It will be borne in mind that said decisions of the federal
court were based upon the fact that the provisions of the
Maryland statute, reflecting upon the question then under
consideration, did not materially differ from the provisions

of the Pennsylvania statute having relation thereto; and it was upon that assumption that the federal court felt compelled to follow the state court of Pennsylvania in its construction of one of its own statutes.

Like statutes have been passed in a number of the states and in practically all of them the construction placed upon each of those statutes by the highest court of each of said states is opposed to the construction placed upon the Pennsylvania statute by the highest court of that state. *State* v. *Ferris,* 53 Ohio St. 314; *Gelsthorpe* v. *Furnell,* 20 Mont. 299; *Corbin's Estate,* 107 Wash. 424; *State* v. *Hamlin,* 86 Me. 495; *Inman's Estate,* 101 Or. 182; *Booth's Estate* v. *Commonwealth,* 130 Ky. 88; *Henson* v. *Monday,* 143 Tenn. 418; *People* v. *Ballans,* 294 Ill. 551. In fact the Pennsylvania court stands almost alone in holding that the collateral inheritance tax thereby imposed is an estate tax.

In 26 *R. C. L.* 196, it is said: "An inheritance tax, using the term in its broadest sense, is an excise which may be imposed on either, or both, of two entirely different subjects. It may be a tax upon the transmission of property by a deceased person, in which case it will be charged upon the whole estate, regardless of the manner in which it is to be distributed. Such a tax is called a probate duty, or estate tax. An inheritance tax in its common form is however an excise on the privilege of taking property by will or by inheritance or by succession in any other form upon the death of the owner, and in such case is imposed upon each legacy or distributive share of the estate as it is received. Such a tax is called a legacy or succession tax. The inheritance taxes imposed by the states have almost uniformly been construed to have been imposed upon the right to receive rather than upon the right to transmit, and so constitute legacy or succession taxes, rather than probate duties or estate taxes. In some instances, however, the states have imposed estate taxes, either standing alone, or in addition to succession taxes."

As we have already said, this question has never been directly presented to this Court, nor has it ever been definitely

determined by it, although expressions are found in some of its opinions from which both sides have drawn inferences favorable to their respective contentions. The question however is still an open one in this State and we are therefore at liberty to adopt the view which, to us, after a due consideration of our statute, seems right and proper.

Under the statute of this State, the tax is only levied against that part of the decedent's estate passing to those, of a class specially named in the act, upon whom the requirement is made to pay the tax thereon, and not against that part of his estate passing to others exempted from its provisions. Therefore it is not a tax upon the whole estate of the decedent. By the act beneficiaries of the classes named therein are excused from the payment of the tax, while those more remotely related to the decedent must pay it before they are permitted to receive the part of the estate which passes to them. The executor or administrator pays the tax, but he pays it for the legatees or heir, either out of his legacy or distributive share of the estate, or with money collected from him; and in case of real estate the tax becomes a lien upon it until the tax is paid, and in such case the executor or administrator is directed to sell the real estate for the payment of the tax should the legatee or heir fail to pay it. In addition to the provisions mentioned there are others in the act, which are not found in the Pennsylvania statutes, further characterizing the tax as one imposed upon the right of the legatee or heir to *receive* his legacy or his share of the estate.

As it appears to us, the logical conclusion is that the tax thereby imposed is upon the right of the legatee or heir to receive his legacy or his share of the estate and not an estate tax, and we will therefore reverse the decree appealed from and remand the cause that a decree may be passed in conformity with this opinion.

*Decree reversed and cause remanded, the costs to
be paid out of the estate.*