ALYECE B. GAMBLE, Beneficiary of the Estate of LOUIS M. GAMBLE, Deceased, and of Land Trust No. 62338, Chicago Title and Trust Company, Trustee, Petitioner-Appellant, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee.

First District (3rd Division)   No. 82—3013

Opinion filed August 31, 1983.

Barry A. Pitler, Philip L. Mandell, and Sigi M. Offenbach, all of Pitler and Mandell, of Chicago (Barry L. Powell, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of counsel), for the People.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Alyece B. Gamble, as beneficiary of the estate of Louis M. Gamble and of a land trust, brought this action objecting to the Attorney General's proposed valuation of decedent's estate at $292,486.94 and the inheritance tax assessment at $11,048.69. The circuit court of Cook County, County Department, County Division, denied petitioner's objection and entered the tax order proposed by the State. Petitioner's appeal of that order to the circuit court of Cook County, pursuant to section 11 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1981, ch. 120, par. 385), was denied. Her motion to reconsider was also denied, and this appeal follows.

We are asked to determine whether unpaid real estate taxes in excess of the fair market value of the property may be deducted on an Illinois inheritance tax return. The facts are undisputed.

Louis M. Gamble died on December 3, 1979, owning 100% beneficial interest in a land trust containing two parcels of real estate. Pursuant to the terms of this trust, decedent's beneficial interest passed to petitioner, his wife. On the date of decedent's death, the property had a fair market value of $35,000 and was encumbered by recorded liens for unpaid real estate taxes in the amount of $104,444.

In her Illinois inheritance tax return, petitioner deducted the full amount of these unpaid real estate taxes from the gross value of all real estate included in decedent's estate. Upon audit of the return, the State allowed the deductions for these taxes only to the extent of the appraised fair market value of the property on which these taxes were assessed. It disregarded the excess unpaid tax amount in calculating the total fair market value of decedent's real estate assets. As

a result, the net taxable estate for Illinois inheritance tax purposes was increased by $65,444.

■ Petitioner first contends on appeal that she is entitled to deduct the full amount of these unpaid real estate taxes from the gross fair market value of all real estate included in decedent's estate. The amount of unpaid real estate taxes which is a lien against the property on the date of decedent's death are properly deductible from the fair market value of real estate subject to Illinois inheritance tax. (*People v. Ballans* (1920), 294 Ill. 551, 128 N.E. 542.) We agree with the State, however, that the value of an asset can be reduced only to zero value, an asset having no value at all, and not to a negative value. Furthermore, because unpaid real estate taxes are a lien only against property on which such taxes have been assessed, the amount of the lien greater than the value of the property may not be used to reduce the value of other estate assets. Thus, when petitioner sought the $104,444 deduction for real estate liens on property valued at $35,000, the State properly reduced the value of the property to zero and disregarded the excess amount of unpaid taxes in its calculation of the net value of all real estate assets subject to the inheritance tax.

Petitioner alternatively contends that she is entitled to deduct the lien amount in excess of the value of the property as a just debt of the decedent in the general deduction section of the return. We do not agree with the State that because real estate tax liens are specifically excluded as a general deduction, the excess lien amount is not deductible. We believe that the legislature intended to exclude in this general deduction section only those liens which have been deducted already in determining the value of the real estate subject to inheritance tax. Thus, the portion of the real estate tax lien disregarded in that determination constitutes a debt of decedent under this section.

■ We do not agree with petitioner, however, that she is entitled to this deduction. The major premise of petitioner's argument is that she, as successor beneficiary of the trust or as heir of the estate, is personally liable for the full amount of liened taxes, and that therefore the tax amount in excess of the fair market value of this property may be deducted as a just debt. Petitioner correctly asserts that decedent, as beneficiary of the land trust, was the owner of the real estate for real estate tax purposes. Decedent would have been personally liable for the unpaid taxes in an action to collect those taxes if the real estate itself did not satisfy the liens. (*People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540.) Contrary to petitioner's assertion, however, *People v. Chicago Title & Trust Co.* did

not hold that a successor beneficiary is personally liable for taxes which accrued during the predecessor beneficiary's ownership. Nor do we see any justification for so extending its holding. The Revenue Act of 1939 provides: "The owner of real property on January 1 *** in any year shall be liable for the taxes of that year." (Ill. Rev. Stat. 1981, ch. 120, par. 508(a).) We agree with the State that petitioner is personally liable as the owner of real estate only for taxes accruing each January 1 after decedent's death, and not before.

Additionally, Cook County did not file a claim against decedent's estate for the full amount of the unpaid taxes during the probate claim period. Because tax liens lie *in rem*, the county may satisfy its liens to the extent of the value of the property to which they are attached, but it cannot proceed against decedent's estate for the excess amount of unpaid taxes. Hence, petitioner, as the heir of decedent's estate, also is not personally liable for the tax amount in excess of the value of the property.

Because only just debts of the decedent enforceable under the law are deductible (*In re Estate of Graves* (1909), 242 Ill. 212, 89 N.E. 978), and we have determined that the excess amount claimed here as a debt is not enforceable against petitioner or decedent's estate, the trial court properly disallowed this amount as a just debt general deduction. If, in the future, petitioner pays the taxes or becomes liable for them by promising to pay them, petitioner may apply for a reassessment of the tax within one year from the date of payment or liability and obtain a refund for the amount of inheritance tax paid in excess of the amount due by the order of reassessment. Ill. Rev. Stat. 1981, ch. 120, pars. 382(c), (d).

For the reasons stated, the order of the circuit court of Cook County is affirmed.

Order affirmed.

McGILLICUDDY and O'CONNOR, JJ., concur.