### GEORGE W. SCOTT *et al.*
### *v.*
### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 23, 1904.*

1. TAXES—*section 256 of Revenue act construed.* Section 256 of the Revenue act, creating a lien to indemnify an agent or representative for paying taxes on property of his principal, refers to agents or representatives who at the time fixed for assessing property have possession of property of others which they are required by section 6 of the same act to list in their own names, as agents or representatives.

2. EXECUTORS AND ADMINISTRATORS—*when executors are not personally liable for taxes.* Executors are not personally liable for taxes assessed by the board of review after the death of the testator for the years for which, during his lifetime, he had omitted to return his property for assessment.

3. SAME—*basis of executor's personal liability for taxes.* The personal liability of agents or representatives for taxes arises from the statutory duty imposed upon them to list for taxation the property of others in their possession and the statutory lien on such property to secure re-imbursement for all taxes paid by them.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. WILLIAM H. GEST, Judge, presiding.

B. F. THOMPSON, and W. W. HAMMOND, for plaintiffs' in error.

N. F. ANDERSON, for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The action below was in debt by defendant in error against the two plaintiffs in error. A demurrer to the declaration was overruled. In default of further pleading, judgment was entered against the plaintiffs in error in the sum of $14,045.58 and costs. This is a writ of error sued out to bring the judgment into review in this court.

The *præcipe* and summons ran against the plaintiffs in error in their representative capacity as executors of the last will of Church Sturtevant, deceased. The dec-

laration charged personal liability, and by leave of the
court the *præcipe* and summons were amended by strik-
ing out the words "as executors of Church Sturtevant,
deceased." It is entirely unnecessary to lengthen this
opinion by incorporating therein a copy of the declara-
tion. The substantial averments thereof may be briefly
stated, as follows: That one Church Sturtevant, deceased,
a resident of Henry county, Illinois, departed this life
on the 9th day of November, 1899, leaving a last will, by
which he nominated and appointed the plaintiffs in error
executors of the will; that on the first day of May in
each of the years 1890, 1891, 1892, 1893, 1894, 1895, 1896,
1897 and 1898, and on the first day of April, 1899, said
Church Sturtevant was a resident of Henry county, and
was possessed of and owned "notes, bonds, credits and
choses in action" liable to be assessed for taxation and
to be taxed; that said credits were not listed by said de-
ceased for assessment nor were they assessed; that in the
year 1900 (after the death of said Sturtevant) the county
treasurer of Henry county, as supervisor of assessments,
assessed said credits as omitted property, and the county
clerk extended taxes on the books of the collector of
taxes on the same as omitted property; that the collector
demanded of the plaintiffs in error payment of the amount
so extended; that the plaintiffs in error refused to pay
the same; that on the 30th day of August, 1901, a claim
therefor was filed in the probate court against the plain-
tiffs in error as the executors of said estate, and that the
same was withdrawn on the 24th day of November, 1902;
that the plaintiffs in error, as executors, received cred-
its belonging to their testator at the time of his death,
amounting, in the aggregate, to the sum of $122,000,
which, as they well knew, had not been assessed for tax-
ation during said years previous to the death of the tes-
tator; that the board of review of Henry county, on July
30, 1902, notified plaintiffs in error to appear before them,
and assessed said credits for each of said years 1890 to

1899, inclusive, and placed the same on the rolls against plaintiffs in error, as executors of said estate; that afterwards, on August 13, 1902, objections to said assessment were heard, and plaintiffs in error appeared and the assessment was modified; that at that time they had on hand assets of said estate sufficient to pay the taxes so assessed, including the interest thereon; that thereafter the tax rates for the years named were applied to said assessment and extension made by the county clerk, together with ten per cent per annum interest from the time the same ought to have been paid by said Church Sturtevant; that the total amount of such extension and interest is $14,045.58; that a warrant was issued to the collector on January 28, 1903; that demand was made thereon and refused; that the board of supervisors of Henry county directed this action to be brought, by means whereof plaintiffs in error became liable to pay plaintiff $14,045.58.

Judgment was rendered against the plaintiffs in error as individuals. The determination of the contention of the defendant in error that the plaintiffs in error became liable personally for the payment of the alleged omitted taxes is the sole question which we deem it necessary we should discuss.

The proposition advanced is, that though the property liable to be taxed was that of the testator and the omission to list the same for taxation during the various years was that of the testator, and though the assessment made by the board of review more than two years after the death of the testator was against the plaintiffs in error in their representative capacity as executors, and not individually, liability to pay the tax is made the personal liability of the executors by the provisions of section 256 of chapter 120 of our statutes. (3 Starr & Cur. Stat. 1896, par. 258, p. 3510.) The section reads as follows: "When property is assessed to any person as agent for another, or in a representative capacity, such

person shall have a lien upon such property, or any property of his principal in his possession, until he is indemnified against the payment thereof, or, if he has paid the tax, until he is reimbursed for such payment." .

The insistence seems to be, that as the executors have the possession and legal title to the property of the testator, and are by this statute given a lien on the property to indemnify themselves or to reimburse themselves for any payment of taxes made by them, the liability arises in favor of the taxing power to look to them, as individuals, for the payment thereof. We think this section has reference to persons acting as agents or in some representative capacity, who at the time fixed by the statute for the assessment of property for taxation had property in their hands, as agents or in some representative capacity, which, under the provisions of section 6 of said chapter 120, it became their duty to list for assessment in their names as agents or in such representative capacity, and who, by reason of such listing, became liable to pay the taxes under the provisions of said section 256 of the Revenue act.

*Walton* v. *Westwood,* 73 Ill. 125, *Lockwood* v. *Johnson,* 106 id. 334, and *McClellan* v. *Board of Review,* 200 id. 116, are relied upon as authority for the view that the plaintiffs in error are personally liable for these omitted taxes. The facts in the *Walton case* were: On the first day of May, 1873, Walton, as agent for others, had grain in his possession under such circumstances as that it became his duty, as agent for the owners of the grain, to list the same for assessment and taxation. He did so list the grain for taxation and taxes were extended on it. Whether Walton became liable individually to pay the taxes so assessed on the grain was presented, and in affirming a decree which proceeded upon the theory that personal liability existed, we said: "It seems to us section 256 contains a strong affirmation of the liability of the agent to pay the taxes on property so situated by fully rec-

ognizing his right of lien until he is indemnified." The liability in that case was predicated on the fact Walton had possession of the property at the time when the statute required it to be listed for taxation, and it therefore became his duty to list it, and to hold it, as section 256 gave him the right to do, until he should be reimbursed for the taxes which it became his duty to pay by force of the statute.

In *Lockwood* v. *Johnson*, Lockwood, a commission merchant, had in his possession, as agent, personal property of twenty different consignors which was liable to assessment for taxation, and the assessor called upon him to report the same for taxation. He explained to the assessor that the property was held by him simply on consignment, and the assessor listed the property in the name of Lockwood for assessment and the tax was extended against him as an individual, and a bill to enjoin the collection of the tax out of the private property of said Lockwood was dismissed and this court affirmed the decree. But that decision does not justify the judgment rendered in this case. The taxes sought to be collected in the suit at bar were not levied upon any property which was in the possession of the plaintiffs in error at the time it should have been listed for assessment. The property on which Lockwood was required to pay the taxes was in his possession when it should have been listed for taxation. The statute required Lockwood to report the property in his possession for taxation, authorized it to be taxed to him as agent, and made him liable for the taxes to be levied and gave him a lien on the property to indemnify him and save him harmless.

In *McClellan* v. *Board of Review*, the assessment was against George W. McClellan, executor of Robert H. McClellan, deceased, and the proof showed that the fund which was to be assessed for taxation came into the hands of the said executor as a separate and distinct fund, which it became his duty to report for assessment.

The fund had not been reported for three years prior to the year in which it came into the hands of said executor, and the board of review held it should be assessed in his hands and as executor for such previous years, and we affirmed the decision. The fund was in his hands as a separate and distinct fund, and a duty rested upon him to report it. In the case at bar neither of these conditions existed.

The personal liability of agents, and of others acting in a representative capacity, arises from the existence of the statutory duty imposed upon them to list for taxation the property of others which is in their possession, and the creation of a statutory lien on such property to secure them against loss, or which may be availed of to re-imburse them for all outlays in the way of taxes paid by them. This duty and the statutory indemnity create the personal liability. Whether the personal liability could be enforced in the event the taxes should exceed the value of the property in the hands of the agent or executor when the taxes were collectible, or in other like supposititious case in which the lien given by the statute might prove ineffectual to save the agent or representative harmless, need not be discussed, for the reason the case does not raise the question of the liability of the plaintiffs in error for the payment of taxes on property listed by them as executors for assessment for taxation or which they should have listed for assessment. The case made by the declaration is, that the testator of plaintiffs in error failed to list notes, credits, etc., for taxation during his lifetime, and that the board of review, after his death, caused an assessment to be entered against his executors for the omission on his part, during the years 1890 to 1899, inclusive, to return his property for assessment as the law requires. We are not aware of any statute requiring the executor of a deceased person to make lists for assessment of property omitted to be made by the testator during his lifetime.

The executors are not, therefore, to be charged with a failure to perform a statutory duty as a basis for creating an individual liability against them, and we are unable to understand upon what theory they can be held personally liable to pay taxes upon property which their testator should have listed.

The judgment must be reversed, and the cause will be remanded for such further and other proceedings as to law and justice may appertain.

*Reversed and remanded.*