(No. 15029.—Judgment affirmed.)
THE PEOPLE *ex rel.* Oscar Miller, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1922.*

1. TAXES—*when assessor may penalize a railroad company for failure to file schedule of personal property in required time.* For failure of a railroad company to include in its schedule of personal property filed with the county clerk certain property lying in a particular township the assessor may list the property at its fair cash value and add the penalty provided in section 19 of the Assessment act, and the fact that the taxing agent of the railroad company promised to file an additional schedule when the original schedule was filed does not discharge the obligation to file a complete schedule in the required time, as the statute is mandatory, and upon refusal to comply with its provisions the duty rests upon the assessor to assess the penalty.

2. SAME—*Revenue act of 1872 and Assessment act of 1898 must be construed together.* The provisions of the Assessment act of 1898 for listing property for taxation must be construed with the Revenue act of 1872, and the provisions requiring railroads to file schedules of their personal property with the county clerk are still in force and effect.

3. SAME—*Revenue act requires personal property scheduled by railroad companies to be listed separately for each township.* In view of section 46 of the Revenue act, requiring that the personal property of railroad companies other than rolling stock shall be listed and assessed in the county, town or taxing district "wherever the same may be on the first day of May," and of section 47, requiring the county clerk to send to the assessors of the various towns or districts the list of property situated therein which has been scheduled by the railroad companies, the schedule filed with the county clerk under the Assessment act must show a listing of the property for each town or taxing district in the county.

APPEAL from the County Court of Massac county; the Hon. FRED SMITH, Judge, presiding.

J. A. CONNELL, and COURTNEY, HELM & HELM, for appellant.

WALTER ROBERTS, State's Attorney, and H. A. EVANS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order of the county court of Massac county overruling objections of appellant to certain penalties imposed for the failure to make return of schedules of personal property.

On May 31, 1921, appellant, through its tax agent, filed with the county clerk of Massac county what it calls its advance schedule of personal property belonging to or controlled by it and situated in said county on May 1, 1921. The property listed was located in township 16, city of Metropolis. On May 1, 1921, appellant owned, as found by the board of review, 595,772 railroad ties of the value of 39½ cents each, amounting to $235,330, located at the tie-treating plant in township 15, in said county. No schedule or list of this property was made or filed by appellant. It is claimed by appellant that the omission was due to a mistake of its typist in copying the data which should have been contained in said schedule, and that this omission was not detected or known by it at the time of filing the schedule. Thereafter the assessor, by his deputy, counted the ties located in township 15 and fixed the number at 799,060 and assessed them at forty cents each, making a total valuation of $322,620, and added thereto a penalty of fifty per cent for failure to list the same. On notice of this raise by the assessor, appellant's tax agent on July 13 filed a schedule listing these ties and their value, and on July 19 appeared before the board of review of Massac county and objected to the imposition of the penalty by the assessor. The board of review took the matter under advisement and later fixed the number of ties and their value as listed in the last schedule filed by appellant and included the fifty per cent penalty added by the assessor. The tax arising from this penalty

amounts to $2023.85. Appellant paid all of its tax except the penalty and objected to it upon the collector's application for judgment.

The assignment of error involves the construction of 'section 19 of the act of 1898 for the assessment of personal property, which reads as follows: "If any person shall refuse to make the schedule herein required, or to subscribe and swear to the same, the assessor shall list the property of such person according to his best knowledge, information and judgment, at its fair cash value, and shall add to the valuation of such list an amount equal to fifty per cent of such valuation."

It is contended by appellant that it complied with the above section of the statute but by mistake or oversight omitted a portion of its property which should have been scheduled, and that under such circumstances the penalty ought not to be applied. It is contended by appellee that the question presented is not one of oversight or omission of an item from a proper schedule, but that appellant was required by law to make a schedule of all its property located in township 15, and having failed to schedule any of its property in said township it is therefore subject to the penalty.

The schedule of personal property filed by appellant on May 31, 1921, was for section tools, steamer and barge, and miscellaneous ties in the city of Metropolis, in township 16, south, range 4, east, of the total value of $52,914. The ties omitted from this schedule were shown by the record to be of the value of $235,330, none of which were located in the city of Metropolis or township 16 but were located in township 15, in Massac county. There was no schedule of personal property filed with the county clerk of Massac county returning any property in township 15, and appellee contends that so far as this property is concerned there was a refusal to return a schedule. Appellant argues that its claim that the omission was by mistake is substantiated

by the fact that it accompanied the schedule filed on May 31 by a letter to the county clerk saying that the complete schedule would not be ready for about ten days; that it was sending what it called an advance schedule of personal property, lands and lots. The record shows that no other schedule was filed until after the appellant's taxing agent had received notice that the assessor had raised the assessment of its personal property in township 15 from nothing to $483,930 on the ties in said township. The only other schedule filed by appellant with the county clerk bore date of July 11 and was filed on July 13, 1921. The only difference between that schedule and the one originally filed was the additional item, "Township 15, south, range 4, east, outside city, miscellaneous ties, $235,330." It will be remembered that this is the item which appellant urges was left out by its typist inadvertently, and yet it forms the only additional schedule filed. Since appellant, when it wrote the county clerk, according to its statement thought that item was included in the schedule filed and no other item appears in the additional schedule finally filed, we are at a loss to understand what its taxing agent could have meant by his letter saying that an additional schedule would be filed. If he did not mean that appellant would later file a schedule of these ties in township 15 we are at a loss to know what he could have intended. The fact that he promised to file an additional schedule, if it was to include the ties in township 15, does not discharge the obligation of appellant to file the schedule with the clerk within the time required. The provision of the statute that it do so is mandatory, and upon refusal the duty to assess the penalty rests upon the assessor. From a consideration of all the evidence pertaining to the returning of this schedule we are of the opinion that the most that can be said on behalf of appellant's failure to do so is that it intended to do so after the time required by the statute. The fact that penalties may or may not have been imposed in previous years has nothing to do

306—5

with the question of the duty of the assessor to impose the penalty in this case.

The act of 1898 was a revision of that part of the Revenue act relating to assessments. It is a complete act in itself. By section 55 thereof it is, in effect, stated that such provisions of the Revenue law in force at the time the later act was adopted should remain effective except where the later act made a different provision. (*People* v. *Fisher,* 274 Ill. 116.) Section 46 of the Revenue act of 1872 requires that "tools and materials for repairs, and all other personal property of any railroad except 'rolling stock,' shall be listed and assessed in the county, town, village, district or city wherever the same may be on the first day of May." Section 47 provides that the county clerk shall return to the assessor of the township or district, as the case may require, a copy of the schedule or list of the personal property, except rolling stock, pertaining to the railroad, located in the township or district, and that such property shall be assessed by the assessor. The act of 1898 contains no different provision concerning the making and filing of schedules of the personal property of railroads. Section 8 of the act of 1898 provides: "All property subject to taxation shall be listed by the person at the place and in the manner required by law." We are of the opinion that these sections of the Assessment act of 1898 and the Revenue act of 1872 are to be construed *in pari materia,* and that those requiring that railroads file with the county clerk schedules of their personal property are still in force and effect.

But appellant urges that it did file the schedule required by law, and that it therefore did not refuse or fail to do so and the penalty was not authorized. Section 46, as we have seen, requires that the personal property, other than rolling stock, of railroads shall be listed and assessed in the county, town, village, district or city where the same may be on the first day of May. It was the evident inten-

tion of the legislature that the schedule of property of railroads to be filed with the county clerk should contain lists of the property located in the various towns or taxing districts in the county.   While, as a matter of convenience, all may be filed under one schedule, yet it seems clear that where a railroad files a schedule with a county clerk omitting all property in certain townships or districts, it can not be said that such is a schedule of the property in those townships or districts.   The legislature evidently intended that these schedules should show a listing of the property for each separate township or district.   The reason for this seems obvious.   Section 47 requires that the clerk send out to the assessors of the various towns or districts a list of the property situated therein which has been scheduled by the railroad.   So far as the assessor of township 15 in Massac county is concerned there was no schedule.   No return could have been made by the clerk to the assessor of that township.   To hold that the mere fact that a schedule was filed which related to property in some other township would be a sufficient compliance with the law to prevent a penalty would open the door to the very abuse which the act is intended to prevent.

We are of the opinion that when the appellant listed no personal property in township 15 it filed no schedule so far as that township was concerned, and the assessor thereof was justified and required, under the law, to determine the valuation and to add the fifty per cent penalty herein complained of, and the county court did not err in overruling the objections to the penalty as finally determined by the board of review.

The judgment of the county court is therefore affirmed.

*Judgment affirmed.*