(No. 22514.—

THE PEOPLE *ex rel.* Auburn Coal and Material Company, Appellee, *vs.* EDWARD J. HUGHES, Secretary of State, Appellant.

*Opinion filed October 19, 1934.*

OTTO KERNER, Attorney General, (GEORGE C. Mc-CARTHY, and TRUMAN A. SNELL, of counsel,) for appellant.

KIRKLAND, FLEMING, GREEN & MARTIN, (JOSEPH B. FLEMING, JOSEPH H. PLECK, and MANLY K. HUNT, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The People of the State, on the relation of the Auburn Coal and Material Company, filed an amended petition for a writ of *mandamus* in the circuit court of Cook county against Edward J. Hughes, as Secretary of State, to compel him to approve the relator's applications for, and to issue, licenses to operate certain motor trucks. The respondent interposed a general demurrer to the amended petition; the demurrer was overruled, the respondent elected to abide by his pleading and judgment was rendered awarding the peremptory writ of *mandamus* in accordance with the prayer of the amended petition. From that judgment, the respondent prosecutes this appeal.

The relator, a domestic corporation, by its amended petition, charged that in December, 1933, it applied to the respondent for licenses to operate three motor trucks during the year 1934; that the applications were made upon forms provided by the respondent; that each of the trucks had four wheels and the applications disclosed their gross weights, including the vehicle and the maximum load, as 25,100, 25,600 and 18,200 pounds respectively; that with the applications, the relator tendered to the respondent a check for $411.50 composed of the following items: License fee, first truck, $150, license fee, second truck, $150, license fee, third truck, $110, and three certificates of title at fifty cents each, $1.50; that the respondent rejected the applications and returned them with the check assigning as his reason the insufficiency of the license fees remitted for the first and the second trucks to the extent of $200; that on January 5, 1934, the relator re-submitted its applications for the licenses accompanied by its certified check for $411.50 and the written representation that its trucks were operated wholly within the city of Chicago; that the sum for which the check was drawn constituted the fees, and all the fees, prescribed by law, and that the respondent

again refused to issue the licenses requested because $250 had not been tendered as the license fee for each of the two larger trucks. It is further alleged in the amended petition that pursuant to the authority conferred by paragraph 2 of section 3 of the Motor Vehicle act, the council of the city of Chicago passed an ordinance, known as section 2054 of the municipal code, by which four-wheel vehicles having a maximum gross weight, when loaded, of 36,000 pounds, may be operated on the streets of the city; that the relator operates its trucks within and not beyond the limits of the city of Chicago; that it has complied with all the requirements of the statutes of the State and the ordinances of the city respecting the operation of its motor trucks and that, for the fees tendered to the respondent, it is entitled to State licenses to operate its trucks within the boundaries of that city.

The appellant, the Secretary of State, contends that he is prohibited by paragraph 1 of section 3 of the Motor Vehicle law, from issuing a license for the operation of any self-propelled four-wheel vehicle, the gross weight of which, including the vehicle and the maximum load, exceeds 24,000 pounds. To sustain the judgment, the appellee maintains that the license fee for a four-wheel truck having a maximum gross weight of more than 20,000 pounds is fixed at $150 by subdivision (g) of section 9 of the same act; that this sum is the maximum license fee for such a truck, and that section 3 does not modify or conflict with the provisions of section 9.

By section 2 of the Motor Vehicle law (Cahill's Stat. 1933, p. 1882; Smith's Stat. 1933, p. 2504) motor vehicles are classified into two divisions. Of these the first comprises vehicles designed and used for the carrying of not more than seven persons; and the second, vehicles designed and used for carrying freight or more than seven persons. The trucks for which licenses are sought fall within the second division. The first paragraph of sec-

tion 3 restricts the maximum gross weight permitted on the road surface through any axle of any vehicle to 16,000 pounds, and the number of pounds per inch of width of tire upon any one wheel to 800 pounds, with the further limitation that the gross weight, including the vehicle and the maximum load of any self-propelled four-wheel vehicle shall not exceed 24,000 pounds. By the second paragraph of the same section, it is provided, that weight limits fifty per cent above those designated in the first paragraph may be permitted by ordinances in cities having a population of more than twenty thousand but that the increases shall not apply to vehicles when outside the boundaries of such cities. The third and fifth paragraphs of section 3 prescribe width and length limitations of motor vehicles. The fourth paragraph provides that upon the filing in the office of the Secretary of State of an application for the registration of a vehicle of the second division and the payment of the requisite fee, the Secretary shall issue to the applicant the regular number plate which shall exhibit, in addition to the number, a letter designating the gross weight of the vehicle, including its maximum load.

Section 9 of the Motor Vehicle law imposes license fees for the operation upon the public highways of the State of motor vehicles of the second division which, among others, are designed, equipped or used for carrying freight, goods, wares or merchandise. Such fees, it is provided, shall be paid to the Secretary of State for each calendar year. Subdivision (f) of this section fixes a license fee of $110 for vehicles, and tractors with one semi-trailer each, having a gross weight of more than 16,000 and not more than 20,000 pounds, including the vehicle and the maximum load. Subdivision (g) prescribes a fee of $150 for "Four-wheel vehicles having a gross weight of more than twenty thousand (20,000) pounds, and vehicles having more than four wheels, and tractors with one semi-trailer each, having a gross weight of more than twenty

thousand (20,000) pounds and not more than twenty-four thousand (24,000) pounds, including the weight of the vehicle and maximum load." Subdivision (*h*) fixes a fee of $250 for six or more wheeled vehicles, and tractors with one semi-trailer each, having a gross weight of over 24,000 pounds, including the vehicle and the maximum load.

Penalties for violations of sections 3 and 9, among others, of the Motor Vehicle law, with costs of suit, are prescribed by section 11. The offender is also subjected to liability for the payment of all damages caused to any public highway by his act. Section 14 provides that the Secretary of State shall deliver to the owner of each licensed motor vehicle registered in his office, charges prepaid, and without additional cost, two number plates for each vehicle other than a motor bicycle.

The appellant argues that when the first paragraph of the third section of the Motor Vehicle law is considered in connection with subdivision (*g*) of the ninth section, it is clear that the legislative intent was to prohibit the use of road surfaces by self-propelled four-wheel vehicles, whose gross weights, including their maximum loads, exceed 24,000 pounds, and to limit the application of subdivision (*g*) of section 9 fixing license fees to vehicles having gross weights, when loaded to their maximum capacities, between 20,000 and 24,000 pounds. It is a cardinal rule of statutory construction that the legislative intention must be deduced from a view of the entire statute and of every material part of it taken and construed together. (2 Lewis' Sutherland on Stat. Const. sec. 368; *People* v. *Linn,* 357 Ill. 220; *People* v. *Whealan,* 353 id. 500; *People* v. *Goldberg,* 332 id. 346; *People* v. *Wallace,* 291 id. 465; *Arnold & Murdock Co.* v. *Industrial Board,* 277 id. 295). A statute is passed as a whole and not in parts, and hence each part or section should be construed in connection with every other part or section; and in seeking the intent of the legislature the courts always consider the

language used, the evil to be remedied and the object to be attained. (*People* v. *Giles,* 268 Ill. 406; *Warner* v. *King,* 267 id. 82). If the language employed admits of two constructions, one of which makes the enactment absurd if not mischievous, while the other shows it to be reasonable and wholesome, the construction which leads to an absurd result should be avoided. *Patterson Pure Food Pie Co.* v. *Industrial Com.* 335 Ill. 476; *People* v. *Brundage,* 296 id. 197; *People* v. *Wallace,* 291 id. 465; *City of Chicago* v. *Mayer,* 290 id. 142; *Uphoff* v. *Industrial Board,* 271 id. 312; *Hoyne* v. *Danisch,* 264 id. 467.

The record discloses that prior to the institution of this suit, the appellant demanded a license fee of $250 for each of the two trucks operated by the appellee having gross weights, when loaded to their maximum capacities, of 25,100 and 25,600 pounds. After the petition for a writ of *mandamus* was filed, the appellant changed his position, and he now insists that he has no authority to issue licenses for the operation of trucks of the gross weights or capacities stated. To that end he invokes the maximum weight limitation of 24,000 pounds governing a self-propelled four-wheel vehicle imposed by the first paragraph of section 3. He ignores, however, the provision of the second paragraph of the same section whereby that limitation, by the passage of an appropriate ordinance, may be increased fifty per cent or to 36,000 pounds in any city having a population in excess of twenty thousand. The General Assembly, by the second paragraph, took cognizance of the greater weight and volume of vehicular traffic that is inseparable from a dense population. It recognized, by the same paragraph, the ample power conferred upon cities to build streets to carry such traffic; the means cities possess to make such improvements through the processes of general and special taxation as well as special assessment; the duty of cities to exercise ordinary care to keep the streets and public ways within their boundaries in safe

condition for the uses to which they are properly devoted, and the power of cities, among others, to impose license fees upon vehicles to defray the cost and expense of street repair and improvement.

The manifest legislative intent disclosed by the first and second paragraphs of section 3 of the Motor Vehicle law is that a self-propelled four-wheel vehicle having a gross weight, when loaded, not exceeding 24,000 pounds may be operated upon the public highways of the State, and that the same vehicle, when permitted by an ordinance of a city having a population of more than twenty thousand, may be operated upon the streets of such a city, at a gross weight not in excess of 36,000 pounds. It is alleged in the amended petition, and the appellant by his demurrer to the petition admits, that an ordinance of the city of Chicago permits the use of the streets of that city by four-wheel vehicles having gross weights, when carrying maximum loads, not exceeding 36,000 pounds. The operation of the appellee's two largest trucks having gross weights, when loaded to their maximum capacities, of 25,100 and 25,600 pounds upon the streets and public places of the city of Chicago is therefore authorized by section 3 of the Motor Vehicle law. It is further admitted that the appellee operates its two trucks of greatest weight and capacity, each of which has only four wheels, within the city of Chicago exclusively. The appellee, therefore, in the operation of its trucks, observes the weight limitation prescribed by the statute and the ordinance.

The fees for the licensing of motor vehicles of the second division are prescribed by section 9 of the Motor Vehicle law. By subdivision ($g$) of that section, the license fee for a four-wheel vehicle having a gross weight of more than 20,000 pounds is fixed at $150. This provision has no qualification and the fee is not increased by the operation of the vehicle upon the streets of a city whose population exceeds twenty thousand. Subdivision ($g$) clearly

applies to the appellee's trucks of greatest weight and capacity. If the General Assembly had intended to require the payment of an annual license fee of $250 for the right or privilege of operating a four-wheel motor truck having a gross weight when loaded in excess of 24,000 pounds, as the appellant insisted prior to the institution of this suit, or that licenses should be refused altogether to owners of trucks of such gross weights, as the appellant now contends, appropriate language to express either purpose undoubtedly would have been incorporated in the act. It was the duty of the appellant to approve the applications submitted by the appellee and to issue the licenses requested.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*