(No. 22655.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Exr., Appellant.

*Opinion filed April 12, 1935—Rehearing denied June 5, 1935.*

MAYER, MEYER, AUSTRIAN & PLATT, (CARL MEYER, PAUL M. GODEHN, and RICHARD MAYER, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, and PHILIP H. TREACY, (HAYDEN N. BELL, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This proceeding, an action of debt in the name of the People, (hereinafter referred to as the plaintiff,) was begun in the circuit court of Cook county against the Continental Illinois National Bank and Trust Company of Chicago, as executor under the last will and testament of Frank H. Jones, deceased, (hereinafter referred to as the defendant,) to recover $5251.69, the general taxes levied and extended upon an assessment of the decedent's personal property for the year 1931. A plea of *nil debet* and a stipulation of facts were filed. The cause was heard by the court, without the intervention of a jury, upon the agreed statement of facts, and judgment was rendered for the amount of the taxes, together with interest at the rate of one per cent per month from May 1, 1933. From that judgment the defendant prosecutes this appeal.

Frank H. Jones, a resident of the city of Chicago, died testate on October 2, 1931. His will was admitted to record in the probate court of Cook county on the 11th day of the following December, and letters testamentary were issued on that day to the defendant and Fred B. Jones as executors. The latter died in April, 1933, and pursuant to the provisions of the will the defendant became the sole executor. It acted in that capacity until its discharge on October 24, 1933, following the approval of its final account, subject to the payment of personal property taxes for the years 1932 and 1933. Personal property schedules for the year 1931 were not issued by the assessor of Cook county prior to June 16, 1932, and assessments for 1931 were made by him between the day named and November 7, 1932. The board of appeals of Cook county completed the hearing of complaints interposed against assessments for the year 1931 on January 28, 1933, and on the 6th day of February, 1933, completed the delivery of the 1931 personal property tax books to the county clerk. It will be observed that Frank H. Jones died prior to the issuance of personal property schedules for the year 1931. His executors did not file a schedule or make any return to the assessor for the year in controversy. The assessor estimated the assessed value of the decedent's taxable personal property on April 1, 1931, at $46,250, and added $23,125 thereto as a penalty for the failure to file a schedule for 1931. On the basis of this estimate and penalty he made an assessment for 1931 personal property taxes upon an assessed value of $69,375. The executor received its tax bill on April 9, 1933. No complaint was filed against this assessment, no part of the tax was paid, and it appears as delinquent on the tax records of the county collector of Cook county.

The defendant makes the contention that it is not liable for a personal property tax assessed as of April 1, 1931, when it was not appointed executor until December 11 of

that year, and that the tax, therefore, was not assessed with respect to the ownership of property on April 1, 1931, as required by the Revenue act. By the sixth clause of the sixth section of "An act for the assessment of property and for the levy and collection of taxes," it is required that the personal property of the estate of a decedent shall be listed by the executor or administrator. (Cahill's Stat. 1933, p. 2304; Smith's Stat. 1933, p. 2355.) Section 8 of the Revenue act of 1898 (Cahill's Stat. 1933, p. 2359; Smith's Stat. 1933, p. 2411;) provides that all property subject to taxation shall be listed by the person at the place and in the manner required by law and assessed at the place and in the manner required by law with reference to the ownership, amount, kind and value on the first day of April in the year for which the property is required to be listed. The fifteenth section of the same statute provides that personal property shall be valued as and in the manner required by law, and shall be listed between the first days of April and June of each year, when required by the assessor, with reference to the quantity held or owned on the first day of April in the year for which the property is required to be listed. By the eleventh section of the act as amended by an act approved June 27, 1930, and in force July 1, 1930, the time for listing personal property for taxation in Cook county is between the dates fixed by the county clerk and published after April 1. For the year 1931 this period commenced on June 16, 1932, and expired on November 7, 1932.

The defendant argues that the Revenue act requires that personal property taxes be assessed with respect to ownership on the first day of April, whereas the tax in controversy was assessed with reference to an ownership subsequently created. A cardinal rule of statutory construction is that the legislative intention must be deduced from a view of the entire statute and of every material part of it taken and construed together. (2 Lewis' Sutherland on

Stat. Const. (2d ed.) sec. 368; *People* v. *Hughes*, 357 Ill. 524; *People* v. *Whealan*, 353 id. 500.) Since a statute is passed as a whole and not in parts, each part or section should be construed in connection with every other part or section. In seeking the intent of the legislature courts consider not only the language used but also the object to be attained. (*People* v. *Giles*, 268 Ill. 406; *Warner* v. *King*, 267 id. 82.) If the language employed admits of two constructions, one of which makes the enactment absurd, if not mischievous, while the other renders it reasonable and wholesome, the construction which leads to an absurd result should be avoided. *People* v. *Hughes, supra; Patterson Pure Food Pie Co.* v. *Industrial Com.* 335 Ill. 476; *People* v. *Brundage,* 296 id. 197; *People* v. *Wallace,* 291 id. 465; *Hoyne* v. *Danisch,* 264 id. 467.

Under the constitution of this State all property in Illinois is subject to taxation unless relieved by legislation enacted pursuant to section 3 of article 9, permitting the exemption of certain specified property. (*People* v. *Withers Home,* 312 Ill. 136.) The manifest legislative intent disclosed by the sixth clause of section 6 of the Revenue act is to partially effectuate the constitutional provision the purpose of which is that all property in the State shall be listed for taxation unless expressly exempted. The defendant asserts, however, that this portion of the statute applies solely to property in the hands of executors on the first day of April of the year for which taxes are levied. The defendant's contention is based upon the premise that the ownership of the executor is separable and distinct from that of his decedent. The premise is erroneous and the argument falls. An executor stands in the shoes of his testator with respect to his personal property, and his ownership of the property is but a continuation of the ownership of the decedent. This court has repeatedly held that in matters of taxation the legal representative, after his appointment and until the property is distributed, is re-

garded by the statute as the legal owner and possessor of the property of his decedent and is personally responsible for the taxes. (*People* v. *Ballans,* 294 Ill. 551; *Board of Education* v. *Boger,* 291 id. 191; *People* v. *Hibernian Banking Ass'n,* 245 id. 522; *McClellan* v. *Board of Review,* 200 id. 116.) The reason for this rule is found in section 256 of the Revenue act, (Cahill's Stat. 1933, p. 2350; Smith's Stat. 1933, p. 2402;) which gives to every person to whom, as agent or in a representative capacity, property is assessed, a lien for the taxes upon such property and all property of the principal in the possession of the person so assessed. By virtue of the duty to list for taxation and the lien given for the amount of the taxes, a personal liability exists on the part of agents and others acting in a representative capacity, for the payment of the taxes upon the property of others in the possession of such agents or representatives. *People* v. *Hibernian Banking Ass'n, supra; Scott* v. *People,* 210 Ill. 594.

The argument of the defendant also ignores the fact that clause 6 of section 6 of the act of 1872 is unlimited in its scope and is applicable alike to executors who had personal property of a decedent in their possession on the day named, and to those where the decedent died between April 1 and the period fixed for listing property. A statute itself affords the best means of its exposition, and if the legislative intent can be ascertained from its provisions that intent will prevail without resorting to other aids for construction. (2 Lewis' Sutherland on Stat. Const. (2d ed.) secs. 348, 366; *People* v. *Oregon State Savings Bank,* 357 Ill. 545.) The failure to list the property in the present case did not occur during the lifetime of the decedent, because the period for filing a schedule did not commence until nine months after his death. Where a testator dies after April 1 of the year for which the assessment is made and the executor qualifies before the time of listing property has either commenced or expired, the duty previously

resting on the testator devolves upon the executor. (*People* v. *Ballans, supra.*) The requirement of the statute is sufficiently explicit and the duty of the executors of the will of Frank H. Jones was plain.

The defendant cites the case of *Scott* v. *People, supra,* as authority for the proposition that even had there been a willful omission to list property by its decedent during his lifetime there would have been no duty on the part of the executor to list the omitted property. No question of the right to make an assessment was presented for decision in that case, and this court expressly limited its opinion to the question whether the executors could be charged with personal liability for the payment of taxes on property alleged to have been omitted from assessment in their testator's lifetime. It was decided that they were not so liable and that the assessment was void. The case cited can not avail the defendant for the obvious reason that in the present case the assessment assailed was not for property which the testator should himself have scheduled, but which, on the other hand, should have been listed by the executors during the period prescribed for filing a schedule. When they failed to perform their statutory duty the assessor estimated the valuation and added a penalty to his estimate. The question remains whether the penalty should have been added.

Section 19 of the Revenue act of 1898 (Cahill's Stat. 1933, p. 2361; Smith's Stat. 1933, pp. 2413, 2414;) provides that "the assessor shall require every person to make, sign, and swear to the schedule provided for by this act. If any person shall refuse to make the schedule herein required, or to subscribe and swear to the same, the assessor shall list the property of such person according to his best knowledge, information and judgment, at its fair cash value, and shall add to the valuation of such list an amount equal to fifty per cent of such valuation." The act is penal in its nature and must be strictly construed.

The agreed statement of facts in this record does not show that the assessor mailed or delivered a schedule either to the property owner or to the executor, and without such showing the penalty is inapplicable. To hold otherwise would be to extend the provisions of a penal statute beyond its plain and express terms, which cannot be permitted. The precise question now decided was not considered in *People v. Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 62, relied on by the People.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to eliminate the penalty from the assessment and enter a judgment on the basis indicated by the foregoing opinion.

*Reversed and remanded, with directions.*