People of State of Illinois ex rel. Jack A. Serbin, Appellee, v. William C. Calderwood et al., Appellants.

Gen. No. 44,069.

542

Opinion filed February 25, 1948.
Released for publication March 25, 1948.

JOHN TONE KELLY and O. D. BUCKLES, of Chicago, for appellants.

MICHAEL F. RYAN, of Chicago, for appellee; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On May 23, 1946, Jack A. Serbin, as relator, filed a complaint in the circuit court of Cook county against the members and secretary of the Board of Trustees of the Police Pension Fund of Evanston praying for a writ of mandamus commanding them to recognize him as having been a member of the police force of that city for 20 years by including the time spent in the military forces of this Republic during World War I, that his name be placed on the pension roll and that he be paid a pension. Issue was joined. On October 8, 1946, the court found in favor of relator and entered judgment that a writ of mandamus issue commanding defendants to direct that relator be paid, (upon cessation of his service as a member of the police department and the payment to the Police Pension Fund of a sum equal to 3 per cent per month of his present salary for the period of his military service), a pension equal to one-half of the salary attached to the rank

held by him for one year immediately prior to cessation of his police service. Defendants appeal.

Relator's theory of the case is that he is entitled to compute as part of his service as a patrolman of the Evanston police force (for the purpose of qualifying for a pension), the period of time he served in the military forces of the United States during World War I, upon tendering to the pension board an amount sufficient to cover what he would have contributed had he been a regular contributor during such period; that having completed 20 years of police service, so computed, having reached the age of 50 years, and having tendered sufficient money to cover the contributions required, he is entitled to have the board direct that he be paid a pension upon cessation of his service; and that it is the board's duty, enforceable by mandamus, to make such an order. Defendants' theory is that the statute does not give relator the right to credit for the time he spent in the military service as part of his period of service on the police force, and places no duty upon them to recognize his demand; that it is impossible to compute the amount he would have contributed to the Police Pension Fund had he been a member of the police force during the period in which he served in the military forces; that the ability to compute and pay such sum into the Pension Fund is a necessary prerequisite to his right to a pension; that he is not entitled to a writ of mandamus; and that the judgment has no foundation in law.

Relator became a civil service patrolman on the Evanston police force on July 16, 1927. With the exception of 36 days, during which he was suspended, he continuously performed his duties as a patrolman. During this period he was enrolled as a member of the Police Pension Fund and the statutory deductions were made from his salary and placed in the fund. On April 15, 1946, he wrote the defendants applying for a retirement pension on the ground that he had com-

pleted 20 years of service by computing as part of this period the time spent in the military service. He enclosed with his application a check for $104.40 covering the contributions he deemed requisite for the period of military service. On April 25, 1946, the defendants, through the secretary, wrote relator denying his application for a pension on the ground that military service rendered prior to his becoming a member of the police department could not be computed in making up the 20 years service required to qualify for a retirement pension. The check for $104.40 was then returned. In denying relator's application, defendants did so on the sole ground that he is not entitled to have computed as a part of his claimed service the time spent in the military forces of the United Stated during World War I. There was evidence from which the court had the right to and did find that relator served in the United States Army from August 21, 1917 to March 24, 1919, when he was honorably discharged. It will be noted that he did not become a patrolman until July 16, 1927, more than eight years after the completion of his military service.

This case requires the construction of the second paragraph of par. 894, ch. 24, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 100.259], reading:

"Any member of any such regularly constituted police force may compute as a part of his twenty (20) year period of service, time spent in the service of the military or naval forces of the United States during the Spanish American War, during the war between the United States and Germany which began in the year 1917, or during the war between the United States and the Third German Reich and Imperial Japanese Government which began in the year 1941, by paying into the fund a sum equal to the amount he would have contributed if he had been a regular contributor during such period or periods."

The pension act under discussion was adopted in 1909. The veterans' service credit provision (subpar. 2 of par. 894) was added by an amendment in 1937. The amendment affected policemen who served in the Spanish American War or World War I. In 1943, the paragraph was amended to embrace veterans of World War II. In that session of the General Assembly the Firemen's Pension Act was amended to read that military service could be counted toward a fireman's pension service when such military service was entered upon when he was an active fireman. Relator asserts that the best proof that the legislature did not intend the construction advanced by defendants is that although it amended the firemen's act in that regard, it did not likewise amend the policemen's act, although the section under discussion (of the policemen's act) was amended in another respect in that session.

The 1947 session of the General Assembly again amended par. 894 of the police pension act to read:

"All periods of such policeman's service in the military, naval or air forces of the United States of America when entered upon when he was an active policeman of such city, village or incorporated town, either on account of any war in which the United States of America was a belligerent party, or as required by any Act of Congress, shall be included and counted as a part of such policeman's twenty years' period of police service, provided that such policeman, upon applying for such permanent pension, and in accordance with the rules of the said board, with reference thereto, shall pay into the fund a sum equivalent to the amount he would have contributed if he had been a regular contributor during such period or periods of military, naval or air service, if and to the extent that the city, village or incorporated town in which he shall have been so acting as a policeman shall not have made such contributions to the pension fund."

Relator states that the 1947 amendment removes all doubt about the meaning of the section prior to the enactment of the last amendment; that if the statute, before its recent amendment, is to be interpreted as the defendants maintain, then the 1947 amendment is meaningless; that in the future in order to take advantage of the preference provision a policeman will have to enter upon such service at a time when he is on the police force; that such was not the law previous to the amendment; and that the fact that the law was amended is the best proof of this. Relator also maintains, and we agree, that the 1947 amendment cannot affect his rights, should the judgment be affirmed, as such judgment was entered ten months previous to the effective date of the 1947 amendment. Relator cities *Lindley v. Murphy,* 387 Ill. 506, in support of his argument that the 1947 amendment removes all doubt as to the meaning of the section prior thereto.

The purpose of pension statutes is to secure better governmental service by stabilizing employment and giving security to those in public service. Their purpose is beneficial and they are to be construed liberally to accomplish the objectives for which they were passed. *Colton v. Board of Trustees, Firemen's Pension Fund,* 287 Ill. 56. The purpose of veterans' preference provisions is to reward in a special way the men and women who answered the call to defend their country in time of war. Relator states that the statute does not require that the war service must occur after the policeman becomes a member of the police department and that it clearly accords to a policeman who has had military or naval service the right to compute as part of his 20-year period of police service the time spent by him in the military or naval forces of this Republic during the Spanish American War, World War I or World War II. In *People v. Funkhouser,* 385 Ill. 396, the Supreme Court said (403):

"A cardinal canon of statutory construction is to ascertain the intent of the legislature by considering not only the language used but also the evil to be remedied and the object to be attained. (*Svithiod Singing Club v. McKibbin,* 381 Ill. 194; *Jones v. Pebler,* 371 Ill. 309; *Schoellkopf v. DeVry,* 366 Ill. 39; *People ex rel. Auburn Coal and Material Co. v. Hughes,* 357 Ill. 524.) If the language employed admits of two constructions, one of which makes the enactment mischievous if not absurd, and the other renders it reasonable and wholesome, the construction leading to an absurd result should be avoided. (*Inter-State Water Co. v. City of Danville,* 379 Ill. 41; *People v. Continental Illinois Nat. Bank and Trust Co.,* 360 Ill. 454; *Ketcham v. Board of Education,* 324 Ill. 314.) Where the enactment of a series of statutes results in confusion and consequences which the legislature may not have contemplated, the acts must be construed in such a way as to reflect the obvious intent of the legislature and permit the practical application of the statutes. (*York Community High School District v. Wagemann,* 375 Ill. 193.) To accomplish this end, the provisions of a statute are to be construed together in the light of the general purpose and object of the act in order to effectuate the main intent and plan therein expressed. If this intention can be collected from the statute, words may be modified, altered or even supplied so as to obviate any repugnancy or inconsistency with the legislative intention. (*Burns v. Industrial Com.,* 356 Ill. 602; *Ketcham v. Board of Education,* 324 Ill. 314; *Hoyne v. Danisch,* 264 Ill. 467.) Again, since statutes are to be construed according to their intent and meaning, a situation which is within the object, spirit and meaning of a statute is regarded as within the statute although not within the letter. (*Burke v. Industrial Com.,* 368 Ill. 554.) Conversely, a situation within the letter is not regarded as within the statute unless also within the object, spirit and meaning of the

statute. *U. S. Industrial Alcohol Co. v. Nudleman,* 375 Ill. 342.''

The construction of the 1937 amendment for which relator contends would not be within the object, spirit or meaning of the statute. We are of the opinion that the legislature intended to extend only to those who were members of the police force at the time they entered the military or naval service the right to include in their period of police service the time they were in the armed forces. The purpose of the veterans' credit provision is to compensate the veteran for the time lost from police service while in the armed forces of the United States. The provision that a policeman seeking credit for his military or naval service must contribute to the pension fund a sum equal to what he would have contributed had he been on the police force during the period of his military service indicates the legislative intent that the statute applies only to those who are members of the police force at the time of entering military or naval service.

Relator urges that if the legislature intended the veterans' preference provision to apply only to policemen who were on the force prior to the time they entered the military or naval service, such amendment would be practically meaningless for Spanish American War veterans, who would have accumulated 20 years of service by 1937, and would not need the benefit of such a preferential provision; that the legislature intended to benefit all Spanish American War veterans who later on became members of the police department; that such construction would give the statute a practical and reasonable meaning; that many Spanish American War veterans might have become policemen anywhere from 10 to 20 years after the close of that war and might in 1937 have accumulated 18 or 19 years of active police service; and that the 1937 amendment would then accelerate their right to retire on a pension. Defendants reply that the fact that the Spanish Amer-

ican War was included in the veterans' preference provision when enacted in 1937 should not be considered as giving strength to relator's contention; that in many municipalities the members of the police forces are not under civil service, but are hired, retained and discharged according to the will of those in power; that one can envision a situation where a man in 1895, at the age of 21, joined the police force of a municipality not under civil service who after three years on such police force joined the United States Army, served two years in the Spanish American War, came back and served on such force for an additional 15 years, and was then dismissed because of a change of administration; and asserts that it is clear that the legislature intended to make it possible for such a person to secure a pension by receiving credit for his military service during the Spanish War; that the legislature did not intend to ignore the veterans of the Spanish War, when it was entirely conceivable and probable that in the State there were men (in 1937) who came within the hypothetical situation stated. Relator replies that this argument is strained and tenuous. In our opinion defendants' statement as to why Spanish War veterans were included in the discussed paragraph has a reasonable basis.

Our view is that the amendment to the act passed at the 1947 session of the General Assembly, requiring that a policeman, to be entitled to veterans' preference, must have been an active policeman when he entered the military or naval forces of the United States, was a clarifying amendment and did not effect any change in the law.

The judgment of the circuit court of Cook county is reversed and the cause is remanded with directions to enter judgment for the defendants and against the relator.

*Judgment reversed and cause remanded with directions.*

LEWE, P. J., and KILEY, J., concur.