HARDY, Judge.
This is an action for a declaratory judgment in which plaintiff prayed that the defendants, Shreveport Police Pension and Relief Board and the City of Shreveport be ordered to allow his request for retirement and pension. Defendants interposed an exception of no cause and no right of action, which was sustained and judgment rendered dismissing plaintiffs suit. From this judgment plaintiff has appealed.
Plaintiffs petition alleged that his application of September 10, 1965, for retirement and for entitlement to pension on the basis of 20 years of service as a member of the Police Force of the City of Shreveport was denied by the defendant pension board. Other material allegations of the petition were that plaintiff became a member of the Police Force of the City of Shreveport on March 15, 1949, since which date he served continuously as a member of said force; that petitioner entered the service of the United States Government on October 10, 1942, and continued in said service until October 8, 1948.
Plaintiffs claim for retirement and pension benefits is predicated upon the provisions of LSA-R.S. 33:2234 and 33:224-1, which sections of the statute respectively read as follows:
“Upon written request any member of the department who has performed twenty years of service in the department shall also be retired and placed on the pension or relief roll.”
*******
' “Time served in the service of the United States government during time of war shall constitute ‘service’ in the police department as used in this Sub-part.”
Petitioner’s claim of twenty years service in the Police Department of the City of Shreveport is made up of the period of sixteen years six months beginning March 15, 1949, to which he contends he is entitled to the addition of the period served during time of war to the extent of approximately four years two months between October 10, 1942, and December 31, 1946.
Defendant’s exception is based upon the contention that the credit for time served in the service of the United States Government during time of war as provided by the statute is not applicable in view of the fact that petitioner did not become a member of the Shreveport Police Department until more than two years following termination of the state of war.
Before this court counsel for all parties, as well as counsel for Shreveport Fire Fighters Local Union No. 514, which filed an amicus curiae brief on behalf of defendants, have devoted their primary consideration to the intent of the Legislature. We do not find it necessary to theorize with respect to the imponderable mysteries of the legislative intent for it is our opinion that the plainly worded statutory provisions admit of only one conclusion, namely that credit for service in the United States Government during time of war is applicable only to those individuals who were serving in the police department prior to the government service for which credit is provided. We think this conclusion is implicit in the requirement that the twenty years service which entitles a member of the police force to retirement shall be performed “ — in the department”. It follows that credit for government service could be allowed only if the individual affected was serving in the police department prior to his government service in time of war.
Any other conclusion would lead to such absurd, unintended, unjust and damaging consequences, among which would possibly *656 be the dire financial distress of the pension funds as would be inconceivable.
Although the issue presented by this appeal appears to be res nova in this State, the same point was considered in People ex rel. Serbin v. Calderwood, 333 Ill.App. 541, 77 N.E.2d 849. We are in complete accord with the reason given by the court in support of the rejection of the petitioner’s claim:
“If the language employed admits of two constructions, one of which makes the enactment mischievous if not absurd, and the other renders it reasonable and wholesome, the construction leading to an absurd result should be avoided.” (Authorities cited)
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.